UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE ISOM JR., ELITE CLIENTLE INC. and ISOM AND SOLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MAYOR TIFFANY HENYARD individually and as Mayor of the Village of Dolton, INSPECTOR KIM ALSTON, KEITH FREEMAN, CARMEN CARLISLE and VILLAGE OF DOLTON, an ILLINOIS MUNICIPAL CORPORATION, <br><br> Defendants. | Case No. |

## COMPLAINT AT LAW

TYRONE ISOM JR., ELITE CLIENTLE, LLC, and ISOM & SOLE LLC. ("Plaintiffs"), by and through its attorneys, Gregory E. Kulis and Associates Ltd. complains of VILLAGE OF DOLTON ("Dolton" or "Defendant"), MAYOR TIFFANY HENYARD, INSPECTOR KIM ALSTON, KEITH FREEMAN and CARMEN CARLISLE as follows:

## PARTIES

1. At all times relevant Plaintiff, ELITE CLIENTELE LLC and ISOM & SOLE LLC., were valid Illinois Limited Liability Companies.

2. At all times relevant, Defendant, VILLAGE OF DOLTON, was an Illinois city located in the County of Cook, State of Illinois.

3. The Plaintiff, TYRONE ISOM JR. was an individual residing in Cook County Illinois.

4. The Defendant, TIFFANY HENYARD, at all times relevant was the Mayor of Dolton acting individually and officially as Mayor of Dolton.

5. The Defendant, CARMEN CARLISLE at all relevant times was the Executive

1

Assistant to Mayor Tiffany Henyard.

6. The Defendant, KEITH FREEMAN, was at all relevant times the Village Administrator for the Village of Dolton, Illinois.

7. The Defendant, KIM ALSTON, at all relevant times was the city inspector of Dolton, Illinois.

## Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(3) because the action arises within the State of Illinois against a municipal corporation organized under the laws of the State. This Court also has jurisdiction because this action presents actual controversies or claims arising under Illinois law, the Illinois Constitution, and the United States Constitution. *See* 735 ILCS 5/2-701. Jurisdiction further lies pursuant to 28 USC §133 / 1343 and supplemental jurisdiction under the State of Illinois.

## Factual Allegations

9. At all times relevant, Plaintiff, TYRONE ISOM JR., was the rightful owner and tenant of the property located at 1031 Sibley Blvd. in Dolton, Illinois.

10. Plaintiff TYRONE ISOM JR. met with Defenant KEITH FREEMAN regarding plans to purchase 1031 Sibley and to open a business.

11. Plaintiff TYRONE ISOM JR. bought the property to expand his business footprint as a longtime barber in the south suburbs.

12. The zoning for the property was "commercial" and would have allowed a barber shop.

13. Defendant KEITH FREEMAN informed TYRONE ISOM JR. he would have his permits in a few weeks and would then get his business license.

14. Plaintiff sought to obtain a business license in November 2022, for the Limited Liability Corporation he formed for this location, that being ELITE CLIENTELE LLC, based upon his reliance to the Village Administrator KEITH FREEMAN.

15. Plaintiff, TYRONE ISOM JR., got the run around from the Defendant VILLAGE OF DOLTON but fixed up the property in reliance on getting a business license and based upon what he was told.

16. Inspector CARMEN CARLISLE, executive assistant to the Mayor, told Plaintiff she discussed his license with Defendant Mayor TIFFANY HENYARD and was told by Defendant TIFFANY HENYARD that she did not want a barbershop.

17. The building department told him orally on or about November 29th 2022 that his application for a business license application would be denied based on her communication with Defendant Mayor TIFFANY HENYARD.

18. TYRONE ISOM and ELITE CLIENTELE LLC never received anything in writing denying his license application.

19. CARMEN CARLISLE informed TYRONE ISOM JR. he should repair his roof.

20. On November 20th, 2023, TYRONE ISOM JR. applied for a building permit to further improve the property.

21. TYRONE ISOM JR. agreed to fix his roof and applied for a building permit to repair the roof, confirming it in an email on or about November 25th, 2023.

22. A building permit was issued on November 28th, 2023. (*See Exhibit I*)

23. Again, the Plaintiff TYRONE ISOM JR. justifiably relied on what Officials of the Village of Dolton told him he would need to do to get a license.

24. Thereafter, the Plaintiff, TYRONE ISOM JR. was informed by Defendant KIM ALSTON that the Mayor refused to allow the Plaintiff to have a barbershop and that he should put in another business there.

25. Due to the money he had into the property, the Plaintiff sought to put another business into the property.

26. To obtain property of the property for which he was paying for, the Plaintiff went to school training for micropigmentation, resulting in his paying a fee for the service, education, and equipment to learn this specialized skill.

27. The Plaintiff TYRONE ISOM incorporated an LLC for said business that being ISOM AND SOLE LLC.

28. The Plaintiff TYRONE ISOM then filed for a business license for Elite Clientele LLC.

29. Plaintiff spent a substantial amount of money in reliance on what he was informed and to obtain a business license so he can operate at the property.

30. The Plaintiff was informed that he cannot have a license because the "mayor wants the property."

31. The Plaintiff's has done everything the VILLAGE OF DOLTON has requested of him.

32. The Defendants failed to give the Plaintiff proper notice of denial of his application for a business license.

33. The Defendants Mayor TIFFANY HENYARD and Inspector KIM ALSTON have failed to give the Plaintiff a hearing on the denial of either of his license applications.

34. The decision denying Plaintiff his business license was arbitrary and capricious.

35. There was no justifiable basis to turn down his application for a business license.

36. The Fourteenth Amendment of the United States Constitution states that "No State shall…deprive any person of life, liberty or property without due process of law."

37. The Plaintiff has a right to fair use of the property he has purchased.

38. The Plaintiff has a property interest in the fair legal use of his property within the boundaries of the law and the zoning code.

39. The actions of the Defendant constituted a violation of the Plaintiff's due process rights as protected by the Fourth Amendment.

40. As a result of the actions of the Defendants, the Plaintiff incurred monetary expense damages and losses.

41. The actions of the Defendants TIFFANY HENYARD, KIM ALSTON, CARMEN CARSLILE and KEITH FREEMAN were intentional, willful, and wanton.

**WHEREFORE**, the Plaintiff prays for judgment against the VILLAGE OF DOLTON, TIFFANY HENYARD, CARMEN CARSLILE, and KEITH FREEMAN for fair and reasonable compensatory damages, punitive damages, as well as attorney's fees and costs.

## COUNT II DETRIMENTAL RELIANCE

1-7. The Plaintiffs hereby reallege and incorporate their allegations of Paragraphs 1-7 of Count I as their respective allegations of Paragraph 1-7 of Count II as though fully set forth herein.

10-34. The Plaintiff hereby reallege and incorporate their allegations of paragraphs 9-35 as their respective allegations of Paragraph 10-34 of Count II as though fully set forth herein.

35. The Plaintiffs had a right to rely on the local government officials of the Village of Dolton for direction.

36. As a result of their reliance the Defendants spent and incurred thousands of dollars in

expenses remodeling and building out the property.

37. After the second application was turned down the Plaintiffs could no longer financially Proceed with his venture.

38. As a result of the words, actions, and inactions of the individual Defendants, the Plaintiff incurred monetary losses and were forced to sell the property.

39. The Plaintiff TYRONE ISOM JR. did not benefit financially from the sale due to Defendant's actions.

WHEREFORE the Plaintiff prays for judgment against the VILLAGE OF DOLTON, TIFFANY HENYARD, CARMEN CARSLILE, and KEITH FREEMAN for fair and reasonable compensatory damages, as well as attorney's fees and costs.

## COUNT III: MONELL POLICY

1-40. The Plaintiff hereby realleges and incorporates the allegations of Paragraph 1-39 as their allegations of Paragraphs 1-39 of Count II as though fully set forth herein.

41. The Village of Dolton has a practice and policy of ignoring and/or not processing business license applications.

42. The Village of Dolton has a practice, custom, and policy of failing to officially notify applicants that a business license has been denied.

43. The Village of Dolton has a practice, custom, and policy of failing to give any applicants ability to challenge the decision to deny business license applicants.

44. Mayor TIFFANY HENYARD has a policy of choosing/denying applicants based on arbitrary and capricious non-village-oriented basis, but instead based upon what donations individuals give towards her campaign or alleged "non for profit" organization she controls, or for other financial and political reasons.

45. Mayor TIFFANY HENYARD was consistent and KIM ALSTON were consistent with the

above stated practices and policies in denying license applicants where there was no justifiable basis to deny the applicant.

46. TYRONE ISOM JR. was given no ability to challenge the decision to not approve his license.

47. License applications were denied or ignored because they did not financially benefit TIFFANY HENYARD individually.

48. In evidence of these practices and policies are the multitude of current litigation and actions filed against the Defendants and this administration, including but not limited to the following:

    a. Calumet Conservation Club v. Village of Dolton, et al. (2023CH06475)

    b. Pablo's Café and Bar LLC v. Village of Dolton, et al. (2024-CV-01770)

    c. Lacey's Place LLC v. Village of Dolton, et al. (2023 CH 07019)

    d. Redeemed Christian Church of God Resurrection Power Assembly v. Tiffany Henyard, et al. (1:24-cv-01868)

    e. George's Towing Inc. v. Village of Dolton, et al. (1:23-cv-06441)

    f. Rucker Holdings v. Village of Dolton, et al. (22-cv-1796)

49. As a result of these above-stated customs, practices and policies the Plaintiffs were deprived of their due process and property rights to use their property in a valid lawful manner as protected by the Fourteenth Amendment.

50. As a result of these customs, practices and polities, the Plaintiffs incurred expenses and monetary losses.

WHEREFORE the Plaintiff prays that this Honorable Court grant judgement in their favor against the Village of Dolton for fair and reasonable compensatory damages, plus Attorney's Fees and Costs.

7

## COUNT IV INDEMNIFICATION

1-39. Plaintiff re-alleges and incorporates the allegations of Counts I and II as their allegations of paragraphs 1-39 of Count IV as though fully set forth herein.

40. Illinois Law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

41. Defendant TIFFANY HENYARD is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

42. Defendant KIM ALSTON is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

43. Defendant KEITH FREEMAN is or was is or was an employee of the Village of Dolton and acted within the scope of his employment in committing the misconduct described herein.

44. Defendant CARMEN CARLISLE is or was is or was an employee of the Village of Dolton and acted within the scope of her employment in committing the misconduct described herein.

45.

WHEREFORE, should Defendants KIM ALSTON, TIFFANY HENYARD, KEITH FREEMAN, and CARMEN CARLISLE be found liable for the acts alleged above, the Defendant VILLIAGE OF DOLTON would be liable to pay the Plaintiff any judgement obtained against said Defendant.

WHEREFORE, the Plaintiffs pray for judgement against the Defendant VILLAGE OF DOLTON for reasonable compensatory damages plus attorney's fees and costs.

## JURY DEMAND

The Plaintiffs hereby request a trial by jury.

**Respectfully submitted,**

TYRONE ISOM JR.

By: */s/ Gregory E. Kulis*
Gregory E. Kulis & Associates, Ltd.


**Gregory E. Kulis (#6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830**
**e. service@kulislawltd.com**