UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE ISOM JR., ELITE CLIENTELE LLC, and ISOM AND SOLE LLC, <br><br> Plaintiffs, <br><br> V. <br><br> VILLAGE OF DOLTON, TIFFANY HENYARD, KIM ALSTON, KEITH FREEMAN, and CARMEN CARLISLE, <br><br> Defendants. | No. 24 CV 3236 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrone Isom Jr. is a barber in Chicago's south suburbs. Hoping to grow his business, Isom purchased a piece of commercial real estate in the Village of Dolton. After being told by a city official that he would receive building permits and a business license for the property, Isom invested substantial resources into fixing up the place. Despite those assurances, he was later informed that the mayor, Tiffany Henyard, did not want a barbershop at that location. To salvage his investment, he repurposed the location and went back to school for training in micropigmentation. Only at that point was Isom told he could not have a business license because the "mayor wants the property." Isom then filed this lawsuit, asserting claims for violations of his due process rights under 42 U.S.C. § 1983, and for promissory estoppel under state law, against the Village, Henyard, and three officials with whom

he communicated, Kim Alston,[1] Carmen Carlisle, and Keith Freeman. Alston, Carlisle, and Freeman now move to dismiss Isom's complaint against them for failure to state a claim. For the reasons discussed below, their motion is granted.

I. **Legal Standards**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While a plaintiff does not need to make detailed factual allegations, he must provide "more than mere 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491 (7th Cir. 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). I assume that a complaint's well-pleaded factual allegations, but not its legal conclusions, are true. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter," to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[1] At the end each count, Isom only seeks judgment against the Village of Dolton, Tiffany Henyard, Carmen Carlisle, and Keith Freeman, excluding Kim Alston. The inclusion of Alston's name would not affect the resolution of this motion.

## II. Background

Tyrone Isom Jr.[2] is a longtime barber in Chicago's south suburbs. [1] ¶ 11.[3] Hoping to open a barbershop, Isom purchased commercial real estate in Dolton, Illinois. [1] ¶¶ 9–12. The zoning for the property was designated "commercial" and, with the proper licensing, would allow for a barbershop. [1] ¶ 12.

After purchasing the property, Isom spoke with Keith Freeman, the village administrator for the Village of Dolton. [1] ¶¶ 6, 13. Freeman informed Isom that he would receive his building permits in a few weeks and would then get his business license. [1] ¶ 13. In reliance on Freeman's assurances, Isom invested in renovating the property and applied for a business license. [1] ¶¶ 14–15.

Isom then spoke with Carmen Carlisle, an executive assistant to Dolton Mayor Tiffany Henyard. [1] ¶¶ 5, 16. Carlise told Isom that Henyard "did not want a barbershop." [1] ¶ 16. Following that conversation, the Dolton building department told Isom orally that his business application would be denied at Henyard's direction. [1] ¶ 17. No written denial was ever provided to Isom. [1] ¶ 18. Carlisle later told Isom that he should repair the property's roof, a suggestion Isom followed. [1] ¶¶ 19–23.

After substantial time and investment, Isom was informed by Kim Alston, the city inspector for Dolton, that Henyard refused to allow him to have a barbershop and

---

[2] Two LLCs, of which Isom is the only member, are also plaintiffs in this case. For simplicity, I will only refer to Isom throughout, as his interests are indistinguishable from those of the LLCs.

[3] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

3

that he should put a different business in the property. [1] ¶¶ 6, 24. To salvage his investment, Isom went to school for training in micropigmentation and purchased specialized equipment. [1] ¶¶ 25–29. When Isom again applied for a business license, he was informed outright that he could not have any business license because the "mayor wants the property." [1] ¶¶ 27–30.

Isom then filed this action in federal court against Alston, Carlisle, Freeman, Henyard, and the Village of Dolton. *See* [1]. Only Alston, Carlisle, and Freeman have moved to dismiss Isom's complaint for failure to state a claim. [39-1]. The other defendants, Henyard and the Village, answered the complaint and the parties proceeded with discovery.

### III. Analysis

Isom's complaint mentions the failure to give proper notice for the denial of a business license and the due process clause of the Fourteenth Amendment. [1] ¶¶ 32–36. For a claim to arise under 42 U.S.C. § 1983 for a violation of Isom's due process rights, "(1) the offending conduct must be committed by someone who acted under the color of state law; (2) the actions [must] deprive the plaintiff of a constitutionally protected property interest; and (3) the alleged deprivation [must have] occurred without due process of law." *Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (quoting *Germano v. Winnebago Cnty.*, 403 F.3d 926, 927 (7th Cir. 2005)). Only the latter two elements are disputed.

To have been deprived of property without due process of law, Isom must have had a property interest protected by the Constitution. "Property interests do not originate in the Constitution; 'rather, they are created and their dimensions are

4

defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 773 (7th Cir. 2021) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

The range of property interests protected by the Constitution are broader than just real or chattel property and can exist "[e]ven absent explicit contractual or statutory provisions evidencing such an entitlement." *Id*. "A protected property interest exists where substantive criteria clearly limit discretion 'such that the plaintiff cannot be denied the interest unless specific conditions are met.'" *Id*. at 773–74 (quoting *Bell v. City of Country Club Hills*, 841 F.3d 713, 719 (7th Cir. 2016)). For example, when an employee may only be fired for cause, that requirement establishes a property interest in employment. *Id*. at 774.

"[W]here state law gives people a benefit and creates a system of nondiscretionary rules governing revocation or renewal of that benefit, the recipients have a secure and durable property right, a legitimate claim of entitlement." *Chicago United Indus., Ltd. v. City of Chicago,* 669 F.3d 847, 851 (7th Cir. 2012) (quoting *Cornelius v. LaCroix,* 838 F.2d 207, 210–11 (7th Cir. 1988)). But "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (2005).

As pled, Isom's complaint is deficient because he has not alleged that Illinois law gives him "a benefit and creates a system of nondiscretionary rules governing

5

revocation or renewal of that benefit." *Chicago United*, 669 F.3d at 851. Isom has included no allegations that Dolton ordinances or Illinois law require defendants to issue him a business license—the complaint does not cite any relevant state or local laws. He only claims that he was promised he would receive a business license, but that is not sufficient to establish a constitutionally protected property right.

Isom's complaint could also be read as alleging a right to a decision on his application for a business license. *See* [1] ¶¶ 41–43. As with entitlement to the license itself, there is not enough information in the complaint to ascertain whether or to what extent Dolton officials were obligated to provide Isom with express notice of the denial of his application. But even assuming the officials had a non-discretionary duty to consider Isom's application, the state provides an adequate post-deprivation remedy.

For cases when plaintiffs seek to "enforce their right to a public officer's performance of an official nondiscretionary duty," mandamus is "an adequate post-deprivation remedy available under state law." *Sherwood v. Marchiori*, 76 F.4th 688, 696 (7th Cir. 2023). In Illinois, mandamus is available "to enforce, as a matter of right, 'the performance of official duties by a public officer where no exercise of discretion on his part is involved'" *McHenry Twp. v. Cnty. of McHenry*, 2022 IL 127258, ¶ 59 (quoting *Lewis E. v. Spagnolo*, 186 Ill.2d 198, 229 (1999)); *see also* 735 ILCS 5/14. The availability of mandamus, without regard to whether Isom decided to pursue it as a remedy, is sufficient to satisfy due process. *Cleven v. Soglin*, 903 F.3d 614, 617 (7th Cir. 2018) ("[A] plaintiff simply cannot refuse to pursue the

6

available state remedies and then come into federal court complaining that he was not afforded due process." (citation and internal quotation marks omitted)).

Alston, Carlisle, and Freeman also argue that the complaint fails to establish they were personally involved in the alleged deprivation of Isom's constitutional rights. [39-1] at 4–5. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Ghelf v. Town of Wheatland*, 132 F.4th 456, 472 (7th Cir. 2025) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "Although direct participation is not necessary," the defendant must have "acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003).

Regarding Freeman, the complaint only alleges that he "informed Tyrone Isom Jr. he would have his permits in a few weeks and would then get his business license." [1] ¶ 13. That allegation is too attenuated from the constitutional deprivation claimed—denial of a business license without due process—to support personal involvement.

The allegations against Alston and Carlisle, while still sparse, are more proximate to the alleged constitutional deprivation. The complaint alleges that Carlisle discussed Isom's license with Henyard and relayed "that she did not want a barbershop." [1] ¶ 16. Alston allegedly informed Isom that Henyard "refused to allow the Plaintiff to have a barbershop and that he should put another business there." [1] ¶ 24. At the motion to dismiss stage, when I must construe all allegations in Isom's

7

favor, that is sufficient to indicate that Alston and Carlisle "acquiesced in some demonstrable way" to the license denial. *Palmer*, 327 F.3d at 594. Isom's complaint does not state a claim for relief because it does not allege the deprivation of a constitutional right, but if there were an underlying actionable deprivation, it does allege Alston's and Carlisle's personal involvement in the license denial.

Isom's complaint also inadequately alleges a claim for promissory estoppel. Such a claim has a high bar to clear because, under Illinois law, promissory estoppel "will not be applied to governmental entities absent extraordinary and compelling circumstances." *Matthews v. Chicago Transit Auth.*, 2016 IL 117638, ¶ 94. But it is unnecessary to decide whether "extraordinary and compelling circumstances" exists here because the complaint does not allege the requisite elements for even an ordinary promissory estoppel claim.

"To establish a claim based on promissory estoppel, the plaintiff must allege … that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendant, and (4) plaintiff relied on the promise to its detriment." *Id.* ¶ 95. It appears, and defendants do not contest, that elements two through four are met. Nothing in the complaint, however, comes close to alleging an "unambiguous promise" to Isom.

That outcome is only natural given that promissory estoppel is not designed to apply to situations like this one. "Under Illinois law, a promissory estoppel claim will succeed where the other elements of a contract exist (offer, acceptance, and mutual assent), but consideration is lacking." *Id.* ¶ 93. "Thus, the doctrine is recognized as

8

creating a contract implied in fact, which imposes a contractual duty based on a promissory expression by the promissor that shows an intention to be bound." *Id.* ¶ 93.

Nothing about the allegations against Alston, Freeman, and Carlisle show an intention for them to be bound by their promises to Isom. Rather, they made assurances about what the Village of Dolton was going to provide to Isom. That cannot form the basis for any liability flowing from these individual defendants to Isom.[4]

## IV. Conclusion

Defendants Kim Alston, Keith Freeman, and Carmen Carlisle's motion to dismiss, [39-1], is granted. The claims against those defendants are dismissed without prejudice.[5]

ENTER: 9/22/25

Manish S. Shah
United States District Judge

Date: 9/22/25

---

[4] While promises of an agent on behalf of a principal could be the basis for liability against the Village of Dolton, Isom has not alleged that any of the three individual defendants here had actual authority to bind the Village. Isom's response alludes to Alston, Freeman, and Carlisle having apparent authority to bind the Village, [41] at 8, but Illinois courts "have never held that apparent authority may apply against municipalities." *Patrick Eng'g, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 35.

[5] Leave to amend should be denied "only if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (absent limited exceptions, "the norm remains affording a plaintiff at least one opportunity to amend his complaint").